IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
AUG - 6 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

1. THE UNITED STATES OF AMERICA, )
   and )
2. JON BRANDON, )
   Relator, )
   )
   Plaintiffs, ) CIV-13-822 D
   )
   ) ORIGINAL COMPLAINT
   ) AND JURY DEMAND
v. )
   ) FILED <u>IN CAMERA</u>
1. CENTRAL OKLAHOMA FAMILY ) SEALED PURSUANT TO
   MEDICAL CENTER, INC. ) 31 U.S.C. § 3730(b)(2)
   )
   Defendant. ) Case No.
   )

**ORIGINAL COMPLAINT AND JURY DEMAND**

**FOR ITS COMPLAINT**, the United States of America alleges:

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to the False Claims Act, 31 U.S.C. § 3732, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732. Defendant presented or caused to be presented false or fraudulent claims in this district and received proceeds from those false or fraudulent claims.

**THE PARTIES**

3. Plaintiffs are relator Jon Brandon ("Relator"), and the United States (collectively, "Plaintiffs").

1

4. Relator is a duly licensed medical provider and appropriately credentialed with the Oklahoma Health Care Authority ("OHCA").

5. Defendant Central Oklahoma Family Medical Center, Inc. ("Defendant") is a Domestic Not For Profit Corporation duly organized and domiciled in the State of Oklahoma; has been and is conducting business in Seminole County and Cleveland County in the State of Oklahoma; provides its services to individuals in these and surrounding Counties.

6. Defendant represents itself as a Federally Qualified Health Center ("FQHC"), pursuant to the U.S. Department of Health and Human Services program administered under the Health Resources and Services Administration.

7. Defendant has made multiple applications for and has been the recipient of Federal Grants pursuant to Section 330 of the Public Health Service Act (42 U.S.C. § 254b), and in which Defendant has represented and certified its past and continued compliance with all applicable Federal and State statutes, Rules and Regulations.

## THE FALSE CLAIMS ACT

The allegations set forth in paragraphs 1-7 are hereby incorporated as if fully set forth herein.

8. The False Claims Act ("FCA"; 31 U.S.C. § 3729-3731) provides that any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim is liable to the United

States for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages the Government sustains. 31 U.S.C. § 3729(a)(1)(A)-(B).

9. "Knowing" and "knowingly" mean that a person, with respect to information, (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b).

10. A False Certification made regarding an organization's or individual's compliance with Federal and/or State statutes and/or Rules and Regulations that does not result in payment by the United States is a "False Claim" under the FCA because it insulates the certifying party from having to reimburse the United States.

## MEDICAID PROGRAM

The allegations set forth in paragraphs 1-10 are hereby incorporated as if fully set forth herein.

11. Medicaid was enacted by Congress on July 30, 1965, under Title XIX of the Social Security Act, as a health coverage program intended to provide medical benefits to those who could not afford necessary medical expenses.

12. Oklahoma Medicaid ("SoonerCare") is a jointly funded program by the federal and state government and is administered by the OHCA, a state agency responsible for receiving, reviewing, and paying Medicaid claims submitted by health care providers.

13. To be eligible for payment, providers must have a SoonerCare Provider Agreement specific to the type of services provided on file with OHCA whereby the provider certifies that all information submitted on claims is accurate and complete and "assures that the State Agency's requirements are met and assures compliance with all applicable Federal and State regulations." Okla. Admin. Code § 317:30-3-2.

14. Defendant had such an agreement on file with OHCA.

15. At all times relevant to this Complaint, Defendant billed Medicaid or caused Medicaid to be billed for services and was reimbursed through Medicaid based on the claims submitted ("Claim" or "Claims").

16. Defendant bills Medicaid in accordance with the OHCA's provider billing and procedure manual. The prescribed billing codes ("Codes") represent procedures and services provided by health care professionals for specified services rendered by authorized health care professionals.

17. Health care professionals use the Codes to describe the services for which they seek reimbursement. Medicaid then uses the submitted Codes, *inter alia*, to decide whether to grant or deny payment on the Claims.

18. In order to receive payment, Claims submitted to Medicaid are required to accurately identify the properly credentialed and licensed provider who rendered the services for which the specific Claims are being made.

## DEFENDANT'S BILLING SCHEME

The allegations set forth in paragraphs 1-18 are hereby incorporated as if fully set forth herein.

19. Defendant used the OHCA specified Codes for outpatient behavioral health therapy to submit Claims and bill Medicaid.

20. Defendant intentionally used specific provider(s) numbers as being the provider(s) who rendered the services for which Claims were made, while knowing that the specific provider(s) numbers Defendant used were not the true provider(s) who rendered said services so that Defendant "[could] receive payment." (*See* Ex.A, Email instructing the false substitution of a provider's number on Claims).

## DEFENDANT'S FALSE CERTIFICATION

The allegations set forth in paragraphs 1-20 are hereby incorporated as if fully set forth herein.

21. In Defendant's application for Federal Grants and application for qualification as a FQHC and Medicaid provider organization, Defendant knowingly certified that it complied with all applicable Federal and State statutes and Rules and Regulations, including the FCA.

22. For multiple years, Defendant received Federal Grant funding under one or more Federal Grant Programs (*See*, e.g., Ex.B, Recovery Act Funding for Community Health Centers in Oklahoma)(*See*, e.g., Ex.C, Select pages from Defendant's Federal IRS Form 990 Filings).

## COUNT I – FALSE CLAIMS SUBMITTED

The allegations set forth in paragraphs 1-22 are hereby incorporated as if fully set forth herein.

23. This is a claim for treble damages and monetary penalties for violations of 31 U.S.C. § 3729(a)(1)(A), (B), and (C).

24. Defendant knowingly falsely substituted a provider's number as if that provider rendered the services, so as to present and cause to be presented false or fraudulent Claims to the United States for payment or approval, seeking reimbursement on Medicaid Claims for services that were in fact rendered by an individual for which Medicaid reimbursement would not have been made (*See*, Ex.D, Example False Claim Submitted and Paid).

25. Defendant's tactics in falsely substituting provider numbers so as to receive payment were commonly employed.

## COUNT 2 – FALSE CERTIFICATION

The allegations set forth in paragraphs 1-25 are hereby incorporated as if fully set forth herein.

26. This is a claim for treble damages and monetary penalties for violations of 31 U.S.C. § 3729(a)(1)(A), (B), and (C).

27. Defendant presented and caused to be presented applications for Federal Grants and application for qualification as a FQHC and Medicaid provider organization, and in doing so affirmatively certified that it complied with applicable Federal and State statutes and Rules and Regulations, including the FCA.

28. At the time of Defendant's applications and certifications, Defendant knew that its certifications were false with regards to its compliance with the FCA for,

minimally, its practice of knowing false substitution of provider numbers on Claims for payment.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs demand and pray that judgment be entered in favor of the Plaintiffs and against the Defendant as follows:

1. For treble the amount of damages sustained by the United States plus civil penalties of not less than $5,500 and not more than $11,000 for each false claim submitted with regards to Count I of this Complaint.

2. For treble the amount of damages sustained by the United States plus civil penalties of not less than $5,500 and not more than $11,000 for each false claim submitted with regards to Count II of this Complaint.

3. For all costs and attorney fees of this civil action.

4. And for such other relief as this Court deems just and equitable.

s/ Wayne Allison
Wayne Allison, OBA #21933
MEYER, LEONARD & ALLISON, PLLC
116 E. Sheridan Ste. 207
Oklahoma City, OK 73104
Telephone: (405) 702-9900
Facsimile: (866) 266-2781
Wallison@meyerleonard.com
*Attorney for Relator Jon Brandon*

7